UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALI ARMSTEAD                                CIVIL ACTION

VERSUS                                       NO: 11-1095

JANET NAPOLITANO, SECRETARY                  SECTION: R(2)
OF THE DEPARTMENT OF HOMELAND
SECURITY, ET AL.

**ORDER AND REASONS**

Before the Court are defendants' motions to dismiss for lack of subject matter jurisdiction and to substitute the United States as the sole defendant.[1] Because the United States is the proper defendant in this matter, the Court GRANTS defendants' motions.

I. **BACKGROUND**

Plaintiff, Wali Armstead, filed this suit against the Department of Homeland Security, the Federal Emergency Management Agency ("FEMA"), Janet Napolitano, in her official capacity as the Secretary of the Department of Homeland Security ("DHS"), Brian Boyle, in his official capacity as the individual assistance section chief for FEMA in Region VI, and Tony Russell, in his official capacity as the former individual assistance

---

[1] R. Docs. 19, 30.

section chief for FEMA in Region VI.  Plaintiff alleges that these defendants improperly evicted him from his FEMA-supplied temporary housing.  Plaintiff contends that the defendants entered his trailer, took out all of his personal belongings, placed the items on the street, and then removed the trailer from his property.  Plaintiff asserts that these actions constitute violations of the Stafford Act, the Fourth and Fourteenth Amendments, FEMA administrative policy and procedure, and Louisiana state laws.  Plaintiff also alleges that defendants are liable for negligence and intentional infliction of emotional distress.  Plaintiff asserts that jurisdiction is proper in this Court under 42 U.S.C. § 1983 and the Fourteenth Amendment.

Defendants filed a motion to dismiss and substitute the United States as the sole defendant.  Defendants urge that plaintiff's causes of action are intentional torts falling under the Federal Tort Claims Act ("FTCA"), and accordingly, assert that the United States is the sole and proper defendant in this matter.  Plaintiff filed an opposition to defendant's motion, and also filed an amended complaint.[2]  In his amended complaint, plaintiff lists the United States as a defendant and adds a cause of action under the Federal Tort Claims Act.  Following this

---

[2]    R. Doc. 24.

amendment, the United States filed a second motion to dismiss plaintiff's amended complaint and to have the United States remain as the sole defendant in the lawsuit.[3]

**II.  STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606,

---

[3]    R. Doc. 30.

608 (5th Cir. 1977).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

**III. DISCUSSION**

*A. No Cause of Action under Section 1983*

Plaintiff's complaint states that the Court has jurisdiction pursuant to Title 42, United States Code, Section 1983. Section 1983 provides a cause of action for individuals whose federal rights are violated under color of state law. 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must first show a violation of the Constitution or federal law, and then show

4

that the violation was committed by someone acting under color of state law. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-3 (5th Cir. 2005). Because Armstead does not allege any violation of federal rights committed under color of state law, he does not state a cause of action under Section 1983. This statute, therefore, does not provide a basis for subject matter jurisdiction in this case.

*B. No Direct Cause of Action under the Constitution*

Plaintiff asserts that this Court has jurisdiction pursuant to the Fourteenth Amendment. Armstead alleges that the defendants violated his due process and Fourth Amendment rights. In plaintiff's response to defendants' motion to dismiss, he argues that his situation is analogous to that in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and he should therefore be permitted to pursue these claims directly under the Constitution. Federal Courts, and the Fifth Circuit in particular, are reluctant to permit prosecution of actions directly under the Constitution. *See Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (explaining that the Court has "been hesitant to find causes of action arising directly from the Constitution."). Such actions are permitted "*only* when necessitated by a total absence of alternative courses." *Berger v. City of New Orleans*, 273 F.3d

1095, 2001 WL 1085131, at *2 (5th Cir. Sept. 4, 2001). Here, there is no such absence of alternative remedy. Indeed, in plaintiff's amended complaint, he invokes an alternative – the Federal Torts Claim Act. Accordingly, plaintiff may not state a claim directly under the Constitution.

To the extent that plaintiff's discussion of *Bivens* is an attempt to state a *Bivens* claim, he fails to do so. Armstead alleges that Janet Napolitano, Brian Boyle, and Tony Russell violated his federally protected rights in their official capacities. *Bivens* "provides a cause of action only against government officers in their individual capacities." *Affiliated Prof. Home Heath Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (holding that *Bivens* did not provide a jurisdictional basis for plaintiffs' claims against the Secretary of the Department of Health and Human Services in her official capacity). Armstead, therefore, cannot state a claim against federal agents in their official capacities under *Bivens*. Further, *Bivens* does not provide Armstead with a right of action against federal agencies or the United States. For jurisdiction to be proper in such an action, the United States must consent to suit. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be

sued in any court define that court's jurisdiction to entertain the suit.") (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA does not provide a source for such consent. *See Rutledge v. United States*, 161 F.3d 7, 1998 WL 723812, at *1 (5th Cir. Oct. 2, 1998) (holding that the FTCA could not serve as the source of the Government's consent to suit because constitutional torts are not actionable under the statute). Therefore, if plaintiff intends to state a claim against a federal agency or the United States under *Bivens*, that claim is barred by sovereign immunity. *See Garcia v. United States*, 666 F.2d 960, (5th Cir. 1982) (stating that a "suit for damages against the United States based on the Constitution is not contemplated by *Bivens* and its progeny"); *see also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484 (1994)(holding that a *Bivens* action cannot be brought against a federal agency).

*C. Violations of the Stafford Act*

In his complaint, plaintiff asserts that the defendants violated the Stafford Act. The Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, *et seq.*, "does not contain a waiver of sovereign immunity." *St. Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 318 (5th Cir. 2009) (holding that parish's lawsuit was barred by the Stafford Act's discretionary function exception). The Stafford Act does,

however, contain a discretionary function exception. The Fifth
Circuit explained that this "discretionary function exception
exists, despite the lack of an express waiver of sovereign
immunity, to protect the government from liability for claims
based on its discretionary conduct brought pursuant to the FTCA,
APA, or other statutes of general applicability." *Id.* (citing
*Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir. 1998) ("[T]he
Stafford Act does not provide for a private cause of action upon
which the plaintiffs may rely...")); *see also In re Katrina Canal
Breaches Litigation*, 2008 WL 2186400, at *3 (E.D. La. May 27,
2008) (noting that the Stafford Act "does not contain any
language providing for a private right of action against the
federal government."), *aff'd*, 351 Fed. Appx. 938 (5th Cir. 2009).
In *St. Tammany Parish*, the parish filed a complaint against FEMA
and DHS based on FEMA's refusal to fully fund the parish's
request for public assistance. Three of the five counts in the
complaint asserted violations of the Stafford Act, one count
alleged that the defendants violated the APA, and one count
alleged that the defendants were liable under the FTCA. The
Fifth Circuit described the complaint as alleging "claims under
two generally applicable statutes, the FTCA and the APA, for
violations of the Stafford Act and its corresponding
regulations." *St. Tammany Parish*, 556 F.3d at 318. Because the

8

plaintiff's claims under the Stafford Act were "augmented by APA or FTCA causes of action," the Court "did not consider the validity of claims brought pursuant to the Stafford Act that are not augmented by APA or FTCA causes of action." *St. Tammany Parish*, 556 F.3d at 318 n.5 (5th Cir. 2009). Here, too, plaintiff's claims under the Stafford Act are augmented by an FTCA cause of action. Accordingly, the Court will construe plaintiff's complaint as alleging claims under the generally applicable FTCA statute for violations of the Stafford Act.

   *D. United States as Sole Defendant*

The FTCA is a limited waiver of the immunity of the United States as a sovereign that subjects the United States to liability for negligent or wrongful acts of government employees while in the course and scope of government employment. 28 U.S.C. §§ 1346, 2671-80. FTCA claims may be brought against only the United States "and not the responsible agency or employee." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); 28 U.S.C. §§ 2679(a), (b)(1) (providing that the FTCA does not authorize suits against federal agencies or federal employees acting within the scope of their employment). When a plaintiff files an FTCA claim against a federal agency or employee, that claim must be dismissed for lack of jurisdiction. *See Galvin*, 860 F.2d at 183 ("Thus, an FTCA claim against a

9

federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."). As the foregoing analysis illustrates, the FTCA provides the only basis for jurisdiction in this matter. Accordingly, the Court must dismiss plaintiff's claims against the Department of Homeland Security, FEMA, Janet Napolitano, Brian Boyle, and Tony Russell.

**IV. CONCLUSION**

Because the FTCA provides the only basis for subject matter jurisdiction in this lawsuit, the Court GRANTS defendants' motion to dismiss and substitute the United States as the sole defendant in this lawsuit.

New Orleans, Louisiana, this 2nd day of March, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE